|   |   |
|---|---|
| GARY DALE BARGER, a/k/a SONNY BARGER, II, a/k/a GARY FRANCIS FISHER (CDCR # F85263),<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CDCR,<br><br>　　　　Defendant. | Case No. 19-cv-02605-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket Nos. 2, 8 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

On June 7, 2019, the Court ordered Plaintiff, Gary Dale Barger, a/k/a Sonny Barger, II, a/k/a Gary Francis Fischer, to show cause by July 5, 2019, why this action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The order identified five prior dismissals that appeared to count under § 1915(g), stated that Plaintiff did not appear to be under imminent danger of serious physical injury when he filed the complaint, and ordered Plaintiff to show cause why pauper status should not be denied and the action should not be dismissed. The order further stated that Plaintiff also could avoid dismissal by paying the filing fee by the deadline.

Plaintiff filed a response on June 27, 2019. Docket No. 8. In his response, Plaintiff argues that his case should not be dismissed because his "attempted murder is the crux of this suit," along with his FOIA request. *Id.* at 1. He also urges that his three recent cases should be consolidated.

His response fails to plausibly show that he is "under imminent danger of serious physical injury" so that he may avoid a dismissal under § 1915(g). The "attempted murder " case appears to refer to an incident in which he was beaten by another inmate in 2013 at a prison in Sacramento County. *See* Docket No. 6 at 2. Plaintiff does not explain how the alleged beating in 2013 put him in imminent danger when he filed this action more than five years later and while housed at a different prison. *See generally Andrews v. Cervantes*, 493 F.3d 1047, 1053 & n.5 (9th Cir. 2007) (whether imminent danger exists is to be determined at the time of filing the complaint; the conditions that existed at some earlier or later time are not relevant). Plaintiff also fails to show how consolidating his several actions would solve the problem that he has numerous dismissals that preclude him from proceeding as a pauper.

Each of the five earlier dismissals identified in the order to show cause counts as a dismissal for § 1915(g) purposes. Plaintiff did not pay the filing fee, did not show that any of the prior dismissals could not be counted under § 1915(g), does not appear to have been under imminent danger of serious physical injury at the time he filed this action, and did not otherwise show cause why this action could not be dismissed. For the foregoing reasons, Plaintiff's *in forma pauperis* application is **DENIED**. Docket No. 2. This action is **DISMISSED** for failure to pay the filing fee. The dismissal is without prejudice to Plaintiff asserting his claims in a new complaint for which he pays the full filing fee at the time he files that action.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 9, 2019

_____
EDWARD M. CHEN
United States District Judge